## Etta Jane Johnson, Appellee, v. Charles E. Hull and Harry Redfearn, Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Marion county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916. Rehearing denied May 25, 1916.

### Statement of the Case.

Action by Etta Jane Johnson, plaintiff, against Charles E. Hull and Harry Redfearn, defendants, for damages for personal injuries due to the collision of defendant Hull's automobile, which was operated by defendant Redfearn as servant of defendant Hull, with plaintiff's buggy. From a judgment for plaintiff for eight hundred dollars, defendant Hull appeals.

Each count of the declaration charged that on the date of the injury, defendant Hull was the owner of and conducting a garage, in the City of Salem; that he owned divers automobiles which he let for hire and reward; that he had in his employ the defendant Harry Redfearn as a driver of said automobiles, and on the date in question he let for hire one certain automobile, and furnished as a driver thereof the defendant Redfearn. The only plea filed was the general issue.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

There was evidence tending to show that defendant Hull was operating a garage in the City of Salem; that he kept and used automobiles therein for livery purposes; that Redfearn was a licensed chauffeur; that he was in the employ of defendant Hull, worked about the garage, also as a driver of cars used for livery purposes; that as a part of the terms of his employment, Redfearn had a right to have and use an automobile of defendant Hull, two evenings of each week; that the automobile in the collision belonged to defendant Hull and was driven by Redfearn; that at the time of the accident, Redfearn was using the car for livery purposes, carrying passengers for hire, and received pay for such services; that in the collision the car was damaged and Redfearn immediately thereafter obtained another car belonging to defendant Hull, and took plaintiff to her home in the country; that after this collision, the owner of the buggy brought suit for damages against defendants Hull and Redfearn before a justice, recovered a judgment, and that judgment was paid by defendant Hull; that when spoken to about this accident, and in reference to a settlement with plaintiff, defendant Hull stated in substance that he would have to see Dick (meaning Redfearn) and find out how it occurred, and if it was his (Redfearn's) fault, they had better settle the matter.

Charles H. Holt, for appellants.

T. E. Merritt and Kagy & Vandervort, for appellee.

Mr. Justice McBride delivered the opinion of the court.

## Abstract of the Decision.

1. PLEADING, § 389*—*what constitutes matter of inducement not traversed by general issue.* An allegation in a declaration in an action against the owner of an automobile and his servant for damages for personal injuries alleged to be due to the negligent driving of the automobile by the servant, that one defendant was in the employ of the other is mere matter of inducement and is not traversed by the general issue, and is consequently admitted.

2. PLEADING, § 389*—*how question of relation of master and servant raised by defendant.* The issue as to relationship of master and servant between two parties defendant should be raised by a special plea.

3. AUTOMOBILES AND GARAGES, § 2*—*when question whether relationship of master and servant existed and whether servant acted within scope of authority for jury.* In an action for damages for personal injuries against a garage proprietor and his alleged servant for damages for personal injuries due to the collision of an automobile owned by the alleged master and driven by the alleged servant, *held* that under conflicting evidence that the question whether the relationship of master and servant existed at the time of the accident and whether the alleged servant acted within the scope of his authority was for the jury.

4. INSTRUCTIONS, § 1256*—*when party may not complain of favorable instructions.* A party cannot complain of instructions for the adverse party which are more favorable to him than to the adverse party.

5. INSTRUCTIONS, § 120*—*when instruction not in conformity with issues properly refused.* A requested instruction not in conformity with the issues is properly refused.

6. INSTRUCTIONS, § 151*—*when requested instruction embodied in given instructions properly refused.* A requested instruction covered by the main charge is properly refused.

7. APPEAL AND ERROR, § 1633*—*when improper remarks of counsel harmless error.* Improper remarks of counsel are harmless error where withdrawn after objection, and the trial court instructs the jury to disregard them.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.